I would grant the Governor's writ application because I believe the rulings below adopt an unreasonably restrictive view of executive authority and of the separation of powers envisioned by the Louisiana Constitution. Requiring state agencies and state contractors to treat Louisiana citizens equally is not an ultra vires legislative act by the executive branch. It is a rational policy choice that is consistent with the Governor's legal obligation to faithfully execute the Equal Protection Clause and the broad remedial purpose of both state and federal anti-discrimination statutes. The rulings below erode the authority of the executive branch, and may spell doom for longstanding anti-discrimination policies at a host of public institutions. I am dismayed that Louisiana finds itself, yet again, on the wrong side of history in a matter of civil rights and social justice.
Executive Order JBE 2016-11 prohibits state agencies from discriminating based upon "race, color, religion, sex, sexual orientation, gender identity, national origin, political affiliation, disability or age." It also imposes similar non-discrimination requirements upon companies so long as they voluntarily contract with the state to provide services. The courts below held that this order-in particular, the portion of the order prohibiting discrimination based upon sexual orientation and gender identity-usurped legislative authority in violation of the separation-of-powers clause in Article II, § 2 of the Louisiana Constitution. I disagree.
The Governor's anti-discrimination policy is not some novel exercise of executive power in a domain exclusively reserved to the Legislature. It is similar to policies enacted through executive order by recent Governors Edwin Edwards and Kathleen *825 Blanco, as well as governors in other states.[1] It mirrors policies currently in place at LSU, Southeastern, Southern University, McNeese, Nicholls State, University of Louisiana at Lafayette, and many other public institutions. These executives and institutions have enacted more protective policies preventing state government from discriminating against citizens based on sexual orientation and gender identity. Few would seriously argue that a governmental institution violates our Constitution by adopting internal policies that prevent discrimination against minority groups.
This ruling needlessly diminishes the power of the Governor to enact policy and oversee the operation of state government. The Governor has an independent obligation to "faithfully execute[ ]" laws and an implied obligation to establish reasonable policies in furtherance of those laws.[2] He also enjoys wide discretion to regulate the terms of state services contracts.[3] The rulings below could prevent the administration from enforcing other policies that have existed for decades when said policy lacks legislative authorization.
Recent developments in the area of Title VII underscore the propriety-and perhaps even the necessity-of the Governor's anti-discrimination policy. The EEOC recently has taken the position that discrimination based upon sexual orientation is a form of sex discrimination under Title VII.[4] Federal appeals courts have followed suit. Two recent decisions from the Second and Seventh Circuits argue persuasively that Title VII sex discrimination extends to claims brought by homosexuals.[5] The Sixth Circuit reached a similar conclusion in a case brought by a transgendered person involving discrimination based upon gender identity.[6] These cases and agency mandates suggest that the Governor has not exceeded his authority here, but has instead complied with his duty to "faithfully execute" the laws of the United States.
Hughes, J., would grant in part.
With respect to the court of appeal, the issues presented in the reconventional demand are likely to reoccur and should be addressed now.

Exec. Order KBB 04-54 and Exec. Order EWE 92-7; see also Mont. Const. art. III, § 1 (mandating the separation of powers); Mont. Const. art. II, § 4 (prohibiting discrimination based upon "race, color, sex, culture, social origin or condition, or political or religious ideas"); Mont. Exec. Order No. 04-2016 (prohibiting discrimination based upon sexual orientation and gender identity imposing most robust and protective anti-discrimination policies for state agencies and state contracts). Similar orders exist in Kentucky, Michigan, Delaware, Pennsylvania, and Virginia.

La. Const. art. IV, § 5 (A).

See La. R.S. § 39:5 (placing Commissioner of Administration under the authority and supervision of the Governor); La. R.S. § 39:1651 (authorizing Commissioner of Administration to promulgate regulations relating procurement of service contracts); La. R.S. § 39:1654 (placing chief procurement officer under the authority of the Commissioner of Administration and authorizing him to provide contractual specifications); La. R.S. § 39:1617 -21 (exempting service contracts from competitive bidding and selection requirements); La. R.S. § 39:1625 (setting forth bare "minimum" requirements for service contracts).

Zarda v. Altitude Express, Inc. , 883 F.3d 100, 105-08 (2d Cir. 2018) (en banc ).

Id. ; see also Hively v. Ivy Tech Comm. College of Ind. , 853 F.3d 339 (7th Cir. 2017) (en banc ).

Equal Employment Opportunity Comm'n v. R.G. &. G.R. Harris Funeral Homes, Inc. , 884 F.3d 560 (6th Cir. 2018).